IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANTONIO MIRANDA,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) **No.** 19-CV- ) |
| Plaintiff, | ) ) **District Judge** ) |
| v. | ) ) |
| | ) Magistrate Judge |
| **SHEARD-LOMAN TRANSPORT, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, DEBRA BROWN, INDIVIDUALLY AND TAURIA DILWORTH, INDIVIDUALLY** | ) ) ) ***JURY DEMAND*** ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, **ANTONIO MIRANDA,** (the "Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson, and for his Complaint against Defendants, **SHEARD-LOMAN TRANSPORT, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, DEBRA BROWN, INDIVIDUALLY AND TAURIA DILWORTH, INDIVIDUALLY,** (each a "Defendant" and collectively the "Defendants"), states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq,* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and state common law cause of action. pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **SHEARD-LOMAN TRANSPORT, LLC,** (hereinafter referred to as "**SLT**") is an Illinois corporation that owns and operates a delivery service business located at 2801 S. Western Ave. Chicago, Illinois, that contracts its services to, and delivers packages to residences and business for, a large online marketplace and technology company. Defendant **SHEARD-LOMAN TRANSPORT, LLC,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **DEBRA BROWN,** is a manager of **SLT'S,** Western Ave. location owned and operated by **SLT**. In her capacity as manager of that facility, **BROWN** was vested with the authority to implement and carry out the wage and hour practices of **SLT**. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour

violations asserted herein, to **BROWN** and **BROWN** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Defendant, **TAURIA DILWORTH,** is a manager of **SLT'S,** Western Ave. location owned and operated by **SLT**. In her capacity as manager of that facility, **DILWORTH** was vested with the authority to implement and carry out the wage and hour practices of **SLT**. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **DILWORTH** and **DILWORTH** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Plaintiff, **ANTONIO MIRANDA,** is a former employee of Defendants who performed driving and package delivery duties Defendants out of their Chicago location, who worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff was compensated at a flat rate for each day worked that served as compensation for all hours, including hours worked in excess of 40 per week.

7. All other unnamed Plaintiffs known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Cook County Minimum Wage Ordinance

10. Pursuant to the Cook County Minimum Wage Ordinance ("CCMWO"), Municipal Code of Cook County § 42-11, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CCMWO are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

11. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiffs herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

V.      **FACTUAL ALLEGATIONS RELEVANT TO COUNTS I – VI**

12.     Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

13.     Plaintiff was employed by Defendants as a delivery driver from approximately October 2018 to May 2019, performing non-exempt delivery driving services.

14.     Plaintiff, throughout the course of his employment with Defendants, was paid a flat, per diem rate between $130 and $150. This flat per diem rate was considered by Defendants as payment in full to Plaintiff for shifts that were typically 10 or 11 hours each but varied at times due to volume. As a result, Plaintiff's effective hourly rates for the purpose of non-payment of overtime varied.

15.     Plaintiff started each workday at Defendants' facility on Western Ave. in Chicago, was assigned a route, gathered the corresponding packages and made deliveries throughout the City of Chicago and the surrounding Chicagoland area including, but not limited to, Cook and Lake counties.

16.     Plaintiff's typical schedule was 8:00 a.m. to at least 9:00 p.m., but often as late as 9:45 p.m. or 10:00 p.m., five (5) or six (6) days per week.

17.     Plaintiff was also required to perform certain job duties without pay for such time. Defendants required Plaintiff to attend mandatory meetings approximately twice per month but did not pay Plaintiff for his attendance at these meetings. At times, Plaintiff was required to attend these meetings, unpaid, on his off days.

18. Additionally, Plaintiff was required to perform work during his meal break without pay for that time.

19. This additional work performed to the benefit of the Defendants without pay is in violation of the requirements of the federal, state, county and municipal statutes herein relied upon.

20. In some instances, that unpaid time for work performed through attending mandatory company meetings and during meal breaks by Plaintiff, and members of the Plaintiff Class, should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the named Plaintiff and other members of the Plaintiff Class would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates.

21. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes herein relied upon.

22. The total amount of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

23. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

24. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-24. Paragraphs 1 through 24 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 24 of this Count I.

25. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

26. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)   prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)   Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)   such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-26.   Paragraphs 1 through 26 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of Count II.

27.   Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

28.   Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-28. Paragraphs 1 through 28 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of Count III.

29. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

30. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)  liquidated damages equal to the amount of all unpaid compensation;

(b)  Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)  such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-30.  Paragraphs 1 through 30 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 30 of this Count IV.

31.  As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

32.  The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

33.  Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, respectfully requests this Court to enter an order:

(a)  declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

1-33. Paragraphs 1 through 33 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count V.

34. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CCMWO § 44-12 of the Municipal Code of Cook County and were not exempt from the overtime provisions of the CCMWO §§ 44-15.

35. Defendants were each an "employer" as defined in the CCMWO § 44-12.

36. Under § 44-15, for all weeks during which Plaintiffs, and members of the Plaintiff Class, worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of 40.

37. Defendants' failure and refusal to pay wages for all hours worked in excess of 40 per week was a violation of the maximum hour provision of the CCMWO § 44-15.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, respectfully requests this Court to enter an order awarding:

(a) judgment in the amount of overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) statutory interest damages in the amount of three times the amount of unpaid wages;

(c) reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-37. Paragraphs 1 through 37 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of this Count VI.

38. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

39. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

40. Under § 1-24-040, for all weeks during which Plaintiffs and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay for all such hours.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week for all such hours over 40 was a violation of the maximum hour provisions of the CMWO § 1-24-040.

WHEREFORE, Plaintiff, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) statutory interest damages in the amount of three times the amount of unpaid overtime;

(c). reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 08/01/2019*

*s/John W. Billhorn*

_____

John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450